692

United States District Court
M. D. Tennessee, Nashville Division.

Aug. 6, 1952.

Cecil Sims, of Nashville, Tenn. for plaintiff, Kerrigan Iron Works, Inc.

James M. Swiggart, Asst. U. S. Atty., Nashville, Tenn., for defendant, United States.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

Findings of Fact.

1. The suit brought by Perfect Power Corporation in March, 1946, in the Municipal Court of Chicago against Kerrigan Ornamental Iron Works, Inc., Raymond Concrete Pile Company and others, including one Stewart Ross, as garnishees, was a suit brought against the said Kerrigan Ornamental Iron Works, Inc., a non-resident corporation, which was neither domesticated, qualified or doing business within the jurisdiction of that Court, or in the State of Illinois, no process was issued in the cause with respect to the defendant, Kerrigan Iron Works, Inc., and no summons was ever served upon the said Kerrigan Iron Works, Inc. in said cause.

2. The judgment rendered against Raymond Concrete Pile Company as garnishee in the foregoing cause was later amended so as to substitute a judgment against Stewart Ross as garnishee, and there is no judgment of record at this time against the Raymond Concrete Pile Company.

3. The two contracts described in detail in the complaints filed in these consolidated causes were Government contracts between the plaintiff and the United States Navy, and neither Raymond Concrete Pile Company nor Stewart Ross, general agents for the contractors under the United States Navy contracts, were personally obligated for any sums due and payable under these respective contracts, they being at most mere conduits for the purpose of making payment due from the United States Navy to the plaintiff. The contracts in question show by their terms that they were Government obligations under which the contractor agreed to make demand or claim for payment of the amount due from the Government by submitting invoices to the contractors as agents of the Government. Title to all material, articles, supplies and equipment purchased under the contracts vested in the United States Government.

4. But wholly aside from the foregoing facts, the suit in these causes is not for purchases made in due course of business under the contracts, but is for monies that are due for the cancellation of the purchase orders. The undisputed proof shows that the defendant is justly indebted to the plaintiff in the total principal sum of $12,617.44.

5. That the judgment entered in the Municipal Court of Chicago against Stewart Ross in favor of the Perfect Power Corporation does not represent a part of his cost of doing business incurred in the performance of his contracts with the United States.

Conclusions of Law.

Upon the foregoing Findings of Fact, the Court is of the opinion that any per-

sonal judgment sought by the Perfect Power Corporation or against the plaintiff in these causes, in the suit brought in the Municipal Court of Chicago in the State of Illinois, and any such personal judgment that might have been obtained therein, was null and void and plaintiff, Kerrigan Iron Works, Inc., is entitled to have and recover against the defendant, United States of America, in these consolidated causes, the aforesaid sum of $12,617.44, with interest thereon from and after September 15, 1945, at the rate of 2½% per annum, as provided by 41 U.S.C.A. § 106(f), United States Code Annotated, for which judgment shall be entered in favor of the plaintiff and against the defendant in these consolidated causes.

Judgment accordingly.